Case 1:94-cr-00506-KMM   Document 931   Entered on FLSD Docket 04/29/2016   Page 1 of 13

FILED BY ___HH___
                Deputy Clerk
Apr 28, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

NORTHERN DIVISION

JESSE DEAN,

    Movant/Appellant,

vs.                                 Case No.: 94-0506-CR-HURLEY

                                       00-2145-CIV-HURLEY

UNITED STATES OF AMERICA,

    Respondent/Appellee

## COMBINED NOTICE OF APPEAL
## REQUEST FOR A CERTIFICATE OF APPEALABILITY

    **COMES NOW**, Jesse Jerome Dean Jr., Movant/Appellant, pro se, and hereby files this COMBINED NOTICE OF APPEAL of this court's order of **April 5, 2016**, denying his MOTION TO REOPEN MOVANT'S ORIGINAL 2255 PURSUANT TO FED.R.CIV.P.60(b)(6) and 60(d)(1)(3), and a REQUEST FOR A CERTIFICATE OF APPEALABILITY. In support thereof, Movant/Appellant respectfully submits the following:

1.    On January 4, 2016, attorney Marshall Dore Louis, Esq., filed a MOTION TO APPOINT COUNSEL under the Criminal Justice Act on Movant/Appellant's behalf which this court summarily denied the following day.

2. On March 29, 2016, Movant mailed his subject MOTION TO REOPEN MOVANT'S ORIGINAL 2255 PURSUANT TO FED.R.CIV.P. 60(b) (6) and 60 (d) (1) (3) which arrived at the court on April 1, 2016, and was summarily denied two working days later.

3. Both of the foregoing orders were "paperless." (See attached correspondence from the court.)

4. Movant/Appellant has exercised due diligence and filed his MOTION TO REOPEN in a timely manner, that is, within one year of his **May 12, 2015**, receipt of DEA Confidential Source Unit Chief S/A Jeffrey Green's DECLARATION that "GX7" could not be located anywhere.

5. Movant/Appellant has carefully demonstrated that his MOTION TO REOPEN was based **on a single claim that had been raised in his original 2255**, that is, Respondent/Appellee's delayed-production and extensive use of "GX7"- a document which Movant/Appellant has never received to this day- and which Respondent/Appellee now claims is nowhere to be found.

6. Movant has cited to the Eleventh Circuit's binding circuit precedent, the recently-decided **United States v. Alvarado**, 808 F.3d 474 (11th Cir. 2015), which is strikingly similar to the instant case. **Alvarado** highlights the importance of "GX7" (better known as a DEA Form 473); namely, its stated provisions that, among others, confidential informants "would have no immunity from prosecution for activities that were not specifically authorized by his controlling investigators," that "required [Alvarado] to agree that he would take no independent action on behalf of the DEA or the United States government" and that "[t]he term of the agreement was [for] one year." Id. at 479.

7. Movant/Appellant has testified, and has continuously asserted **for the past 19 years**, that when he volunteered to serve as a confidential informant in Nassau, Bahamas, he was never

given any instructions. Respondent/Appellee has claimed otherwise and **illegally** used "GX7" (which had never been disclosed or authenticated) in trial, to Movant/Appellant's extreme prejudice, only to now claim that it cannot be located anywhere.

8. This factual dispute lies at the very foundation of Movant/Appellant's indictment, prosecution, conviction, imprisonment and eventual post-conviction claims, and has yet to be resolved. This critical issue begs an evidentiary hearing in order to investigate and determine the origin, authenticity, use and now non-existence of "GX7."

## THE SLACK v. McDANIEL STANDARD FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

"This court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253 (c) (2). To make this substantial showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d.384 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct 1595, 146 L.Ed.2d. 542 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further, "Miller-EL v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed2d 931 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983))," Fana v. Sec. D.O.C., 4 F.Supp.3d 1295, 1337 (M.D. FLA. 2014).

## MOVANT/APPELLANT IS SUFFERING AN ONGOING CONSTITUTIONAL VIOLATION

The non-discovery, delayed-production, extensive use and now non-existence of "GX7," which was critical to Movant/Appellant's conviction, is clearly **an ongoing violation** of Movant/Appellant's constitutional right to due process of law which has resulted in a "complete miscarriage of justice," [and has] led to proceedings which were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84, 99 S.Ct. 2085, 60 L.Ed. 2d 634 (1979) (citing Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

## THE SCHLUP V DELO STANDARD FOR A CLAIM OF ACTUAL INNOCENCE

"To succeed on a claim of actual innocence based on newly discovered evidence, the movant must first, as a threshold determination, "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed. 2d 808 (1995). The reviewing court must make this determination "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Id. at 328, 115 S.Ct. at 867... The movant does not meet the threshold requirement necessary to have his case considered on the merits "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329, 115 S.Ct.

at 868." Faust v. U.S., 572 Fed. Appx. 941, 943 (11th Cir. 2014); see also Kuenzel v. Comm, Ala. Dept. of Corrs, 690 F.3d 1311 (11th Cir. 2012).

"GX7" was never disclosed or authenticated but **illegally admitted during trial** and testimony was received into evidence regarding it from both S/A Shelton and Movant/Appellant. Without "GX7," there was no basis upon which a reasonable juror could conclude that Movant/Appellant had violated any instructions and Movant/Appellant would not have been convicted.

Furthermore, the lead agent in this case, DEA S/A Kevin Stephens, is on record as having testified that **Movant/Appellant had nothing to do with the charged conspiracy.** Respondent/Appellee's star witness, Luis Miguel Perez, is on record as having testified that **Movant/Appellant had nothing to do with the charged conspiracy.** Luis Miguel Perez and Elio Perez's pre-trial debriefings **(which Movant/Appellant's attorneys had failed to present at trial)** both demonstrate that **Movant/Appellant was not a member of the Luis Miguel Perez drug-trafficking-organization.** Finally, inmate-declarant, Luis Devalle, is on record attesting that Luis Miguel Perez had admitted to Luis Devalle, **post-trial,** that **Luis Miguel Perez had falsely testified against Movant/Appellant in order to secure a sentence reduction.**

## MOVANT IS BOTH ACTUALLY AND LEGALLY INNOCENT

The obvious corollary to the now-missing "GX7" is Movant/Appellant's actual and legal innocence claims. Without "GX7," there simply was no case against Movant/Appellant. For the four years that Movant/Appellant served as a confidential informant, S/A's Shelton and Lowen never took issue with the manner in which Movant/Appellant conducted himself in performing

his duties. It was only when Miami-based agents (who had been independently investigating the Luis Miguel Perez drug-trafficking-organization in Miami) had observed Movant/Appellant interacting with Perez that Movant/Appellant's activities became an issue. Initially, when queried by his Miami-based colleagues, DEA S/A Shelton had confirmed to them that Movant/Appellant was indeed an active confidential informant in good standing. However, when S/A Shelton realized that **his** performance had now become exposed to scrutiny from his colleagues in Miami, S/A Shelton equivocated and then finally "threw Movant/Appellant under the bus" or "blacklisted" Movant/Appellant. This sole, deceitful act had a twin effect: it successfully covered up his and S/A Lowen's failure to provide Movant/Appellant with instructions and proper supervision, as mandated by Department of Justice "Guidelines," and also set in motion the eventual destruction of Movant/Appellant's life.

"GX7" was fabricated at the last moment, was **illegally admitted during trial** and maliciously used in order to secure Movant/Appellant's wrongful conviction. Were it not for its deliberate, last-minute introduction and extensive use, "no reasonable juror would have voted to find [Movant/Appellant] guilty beyond a reasonable doubt."

## "ACTUAL INNOCENCE PLUS"

The Eleventh Circuit has established an "actual innocence plus" standard as a prerequisite to review any procedurally-barred claims which "requires both clear and convincing evidence of actual innocence… as well as another Constitutional violation." See Johnson v. Warden, 2015 WL 9461742 *7 (11th Cir. 2015) (citing In re Everett, 797 F.3d 1282, 1290 (11th Cir. 2015)) and In re Lambrix, 776 F.3d 789, 796 (11th Cir. 2015).

Movant respectfully submits that he has clearly satisfied the "actual innocence plus" standard by having demonstrated both **an ongoing constitutional violation** in having never received "GX7" and by the pre-trial debriefings of Movant/Appellant's alleged co-defendants, the trial statements of critical government witnesses and the post-trial affidavit of a fellow inmate, **who have all declared, singularly and collectively, that Movant/Appellant had no knowledge of, participation in or anything to do with the charged conspiracy.**

"In considering [the] reliability of evidence for purposes of [a]claim of actual innocence... [a] federal habeas court is not bound by [the] rules of admissibility that would govern at trial; instead, [the] court must determine [the] reliability of all new evidence submitted by petitioner, both admissible and inadmissible, by considering both on its own merits and, where appropriate, in light of pre-existing evidence in the record." Lopez v. Miller, 915 F.Supp.2d. 373, 400-401 (E.D. NY 2013) (quoting 28 U.S.C. 2244 (d)).

The sworn declaration of DEA Confidential Source Unit Chief S/A Jeffrey Green and the pre-trial debriefings of Movant/Appellant's alleged co-defendants are beyond reproach and easily satisfy any reliability test. Luis Miguel Perez's trial testimony is fatally undermined by both his and his brother's own pre-trial debriefings and Luis Miguel Perez's own post-trial admission to a fellow inmate of having testified falsely against Movant/Appellant in order to secure a sentence reduction. Therefore, "GX7" is the only reed upon which Movant/Appellant's conviction teeters. Its now non-existence leaves Movant/Appellant's conviction wholly without foundation and, as such, constitutes "a complete miscarriage of justice" that is "inconsistent with the rudimentary demands of fair procedure" that requires relief.

## CONCLUSION

Movant/Appellant respectfully submits that, in light of all the foregoing, "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" and that the issues presented were "adequate to deserve encouragement to proceed further," thus, Movant/Appellant should be granted a certificate of appealability.

Respectfully Submitted,

*Jesse J. Dean Jr.*

Jesse Dean, Jr., PRO SE

Reg. # 44060-004 H3-307L

McRae Correctional Facility

P.O. Drawer 55030

McRae Helena, GA 31055

## CERTIFICATE OF SERVICE

I, Jesse Dean Jr., hereby certify, that a true and correct copy of the foregoing, was placed in the McRae Correctional Facility Legal Mail-Box, with proper, first-class postage affixed, addressed to the United States Attorney's Office, 99 NE 4th Street, Suite 800, Miami, FL 33132, on this 25th day of April, 2016.

Respectfully Submitted,

*Jesse J. Dean Jr.*

Jesse Dean Jr., PRO SE

Reg. # 44060-004

APRIL 10, 2016

CLERK,
U.S. DISTRICT COURT,
MIAMI, FL

RE: CASE #1:94-CR-00506-DTKH

DEAR SIR/MADAM,

I WOULD LIKE A COPY OF THE FOLLOWING DOCUMENTS IN MY CASE AS STYLED ABOVE, PLEASE:

- THE JANUARY 5 2016 ORDER DENYING MY REQUEST FOR APPOINTMENT OF COUNSEL, #927

- THE APRIL 5, 2016 ORDER DENYING MY MOTION TO REOPEN MY ORIGINAL 2255, #930.

MANY THANKS FOR YOUR KIND ATTENTION.

SINCERELY,
Jesse J. Dean Jr.

| | | |
|---|---|---|
| | | U.S.C. 2255 ( Civil Action # 05-20432-CIV-HURLEY) as to Jessie Dean (6) ( Signed by Judge Daniel T. K. Hurley on 4/4/05) [EOD Date: 4/20/06] CCAP (kw, Deputy Clerk) (Entered: 04/20/2006) |
| 01/04/2016 | 926 | MOTION to Appoint Counsel *Purusnat to the CJA Act* by Jessie Dean. Attorney Marshall Dore Louis added to party Jessie Dean(pty:dft). Responses due by 1/22/2016 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Louis, Marshall) (Entered: 01/04/2016) |
| 01/05/2016 | 927 | ORDER -- The court acknowledges its authority to grant the relief requested but, in the exercise of its discretion, denies Defendant (6) Jessie Dean's 926 motion to appoint counsel. Signed by Judge Daniel T. K. Hurley on 1/5/2016. (DTKH) (Entered: 01/05/2016) |
| 01/14/2016 | 928 | Clerk's First Notice of Undeliverable Mail as to Jessie Dean re 927 Order on Motion to Appoint Counsel. US Mail returned for: **Steven E. Kreisberg** . *According to court docket attorney is deceased. Court notices from the Court will no longer be sent to this party in this case until a correct address is provided.* (drz) **(Entered: 01/14/2016)** |
| 04/01/2016 | 929 | MOTION to Reopen Original 2255 pursuant to Rule 60 (b) (6) and 60 (d) (1)(3) by Jessie Dean. Responses due by 4/18/2016 (Attachments: # 1 Part 2 of 2)(vp) (Entered: 04/04/2016) |
| 04/05/2016 | 930 | ORDER denying Defendant (6) Jessie Dean's 929 motion to reopen his original 2255 proceeding. Signed by Judge Daniel T. K. Hurley on 4/5/2016. (DTKH) (Entered: 04/05/2016) |

✱ Both are paperless orders. If there was a document attached there would be a line under the number

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

RECEIVED BY ____HH____
Deputy Clerk

**Apr 29, 2016**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

David Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 29, 2016

**Jessie Dean**
44060-004
McRae
Correctional Institution
Inmate Mail/Parcels
Post Office Drawer 55030
McRae, GA 31055

Case Number:         1:94-cr-00506-DTKH-6
District Court:       Southern District of Florida (Miami)

The document sent to the court has been referred to me for response. After searching our court's database and files, it appears that we have no record of a pending appeal.

When a request to file an appeal is received, and there is no pending appeal nor any record with the district court of having received a notice of appeal pursuant to FRAP 3(a)(1) and FRAP 4(a)(1)(A), the document is forwarded to the Clerk of the U. S. District Court for filing pursuant to FRAP 4(d).

By copy of this letter to the Clerk of the U. S. District Court, this Notice of Appeal and/or Motion for Certificate of Appealability construed from petitioner's motion for certificate of appealability is being forwarded to the district court to be filed as of the date received in this court, April 28, 2016.

Sincerely,

DAVID SMITH, Clerk of Court

By: RGillis
Operations Section

Enclosed to D.C. Clerk (COA / Notice of Appeal)

cc:
**United States District Court**
**Southern District of Florida**
**Wilkie D. Ferguson, Jr.**
**U.S. Courthouse**
400 North Miami Avenue

Miami, FL 33128

### Filing the Notice of Appeal

An appeal permitted by law as of right from a district court to a court of appeals may be taken only by **filing a notice of appeal with the DISTRICT CLERK** within the time allowed by Rule 4. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d). An appeal from a judgment by a magistrate judge in a civil case is taken in the same way as an appeal from any other district court judgment. An appeal by permission under 28 U.S.C. § 1293(b) or an appeal in a bankruptcy case may be taken only in the manner prescribed by Rules 5 and 6, respectively. When two or more parties are entitled to appeal from the same district court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant.

### Payment of Fees

Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.

### Time for filing a Notice of Appeal in a Civil Case

In a civil case, except as provided by Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

### Time for Filing a Notice of Appeal in a Criminal Case

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (1) the entry of either the judgment or the order being appealed; or (2) the filing of the government's notice of appeal.

*Changes to the Court of Appeals Miscellaneous Fee Schedule will take effect **December 1, 2013**. Among other changes, the total amount payable to the district court for filing a notice of appeal will increase to **$505.00** ($500.00 plus the district court filing fee of $5.00). The fee for docketing a petition for review, a petition for writ of mandamus, or other original proceeding in this Court will increase to $500.00.*